**Lucia GALLEGOS–COVARRUBIAS, also known as Lucila Gallegos-Covarrubias, Appellant,**

v.

**Albert DEL GUERCIO, Appellee.**

No. 15436.

United States Court of Appeals
Ninth Circuit.

Jan. 6, 1958.

John P. Tobin, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Burton C. Jacobson, Asst.

**520**

U. S. Attys., Los Angeles, Cal., for appellee.

Before BONE, CHAMBERS and BARNES, Circuit Judges.

BONE, Circuit Judge.

The lower court entered judgment sustaining a final order of deportation of appellant who is an alien of Mexican birth and citizenship. This appeal is from that judgment.

In her complaint, appellant prayed for a judgment declaring the order of deportation to be illegal and void, and without force or effect; and for an order permanently restraining a named defendant official [1] or officials of the Immigration and Naturalization Service of the United States from deporting her under the said final order which was issued on October 26, 1955. Her complaint alleged, inter alia, that she had exhausted all administrative remedies.

Based on the record hereafter noted, she here claims that the order of deportation denied to her due process of law, and violates the Fifth Amendment.

Appellant's complaint contains the following general averments. She alleged that she entered the United States at San Ysidro, California, in March, 1947, and has been a resident of the United States since said date; that she reads and writes Spanish, but is neither able to speak, read nor write in the English language, Spanish being her native tongue; that she has a good moral character; that she has never been arrested, and never asked for, or received, relief from any government or organization. Her complaint does not assert that she underwent examination or inspection at the Border, or that at the time of her entry she had an immigration visa, as required by law.

The administrative file (hereafter file) was in evidence before the lower court. It was transmitted to this Court in its original form in lieu of a printed record on appeal. From this file it appears that appellant is a native and citizen of Mexico; that after her arrest based on the charge (see note 3, infra) that she was illegally in this country, she was released on bail until October 26, 1955 on which date a formal hearing was had *on her application for voluntary departure for Mexico.*

This formal hearing was held in Los Angeles, California on October 26, 1955 before a Special Inquiry Officer of the Immigration and Naturalization Service. Appellant was then and there sworn and gave oral testimony in Spanish through an interpreter. In the margin [2] we set

1. By stipulation, Albert Del Guercio, Officer in Charge of Los Angeles Office of Immigration and Naturalization Service, was substituted in place and stead of Gordon L. Cornell, as defendant, having replaced the said Cornell.

2. Appellant stated, after being sworn in her answers (through an interpreter) that she was a citizen of Mexico and was born in that country; that she was a widow and her occupation was that of housekeeper; that she resided in Los Angeles, California; that she last entered the United States while afoot, in March, 1947, at San Ysidro, California; that she was not then in possession of an unexpired immigration visa; that she did not present an unexpired passport or official document in the nature of a passport issued by Mexico or other travel document showing her origin and identity; that she did not then present a valid visa, a reentry permit, or border crossing identification card; that she was *not inspected and not admitted by an Immigrant Inspector;* that her purpose in entering the United States was "to seek work and reside for as long as possible"; that she had never been admitted to the United States for permanent residence, and had never been excluded or deported from the United States, or granted voluntary departure in lieu of deportation; that she had never been arrested; that she had not registered under the Alien Registration Act of 1940; that she had not submitted an Address Report Card as required by Section 265, Immigration and Nationality Act "because I am not legally in the United States. I was aware of the requirement"; that she *was not able and willing* to depart promptly from the United States at her own expense; that she understood all of the questions asked (through an interpreter). (Answers in quotation marks are in the exact language she used.)

out in narrative form certain of the here pertinent statements which were made by her when she had previously been questioned by an Examining Inspector at Los Angeles on September 23, 1955. (A transcript of her statements at that time made under oath to the Examining Inspector on September 23, 1955, had been prepared and was placed in evidence before the Special Inquiry Officer.) Appellant was questioned by him concerning these statements and testified that the previous statements she had so made under oath to this Examining Inspector at Los Angeles had been made by her, and that the signature appearing on this transcript was her signature.

In making his decision (a part of the administrative file now before us) the Special Inquiry Officer also had before him the pertinent statements made by appellant in her answers to questions propounded by him. In discussing the facts in his decision he sets forth, inter alia, that appellant (aged 45) testified that (1) while residing (more than five years) in Los Angeles, California, she was told by acquaintances and also heard over the radio that it was necessary for aliens to submit a report of their address during January of each year in the United States; (2) that one of the reasons that she failed to make the address report required by law was that she was unlawfully in the United States and did not wish to disclose her whereabouts in this country; (3) that she had expected to return to Mexico, but kept "putting it off," as another reason for failing to submit the report of her address; (4) that Section 262 of the Immigration and Nationality Act (Section 1302 Title 8, U.S.C.A.) (hereafter referred to as Act) makes it "the duty of every alien now or hereafter in the United States, who remains in the United States for thirty days or longer, to apply for registration and to be fingerprinted before the expiration of such thirty days." This respond-

ent is within that classification and she was within that classification on the effective date of the Act on December 24, 1952; (5) that Section 265 of the Act (Section 1305 of Title 8 U.S.C.A.) provides that every alien required to be registered under this title and who is within the United States on the first day of January following the effective date of this Act, or on the first day of January of each succeeding year shall, within thirty days following such dates notify the Attorney General in writing of his current address and furnish such additional information as may by regulation be required. This respondent has failed to do this. Her failure to comply with Section 265 of the Act was wilful and is not reasonably excusable.

Pursuant to the foregoing discussion the Special Inquiry Officer made findings in harmony with all of the facts so disclosed at the hearing before him. He found appellant amenable to deportation on all of the charges stated in the warrant of arrest; that she was eligible for the relief she requested (voluntary departure) *except* that Section 244(e) of the Act (Section 1254(e) of Title 8 U.S. C.A.) *precludes* the granting of the voluntary departure privilege to any alien under deportation proceedings who is within the provisions of Section 241(a) (5) of the Act (Section 1251(a) (5) of Title 8 U.S.C.A.); that appellant was deportable under Section 241(a) (5) of the Act and therefore is statutorily ineligible for the voluntary departure privilege pursuant to Section 244(e) of the Act (8 U.S.C.A. § 1254(e)); that appellant's application (for voluntary departure) must be denied, and that she has specified Mexico as the country for deportation in the event she is deported.

Based on the entire record, the Special Inquiry Officer ordered (1) that appellant be deported from the United States in the manner provided by law on the charges contained in the warrant of arrest,[3] and

---

3. The decision of the Special Inquiry Officers sets forth that the warrant of arrest charged appellant with violations of the Immigration and Naturalization Act in that she had (1) entered the United States without inspection, (2) was excludable at the time of entry, and (3) failed to furnish notification of address. This warrant was served on September 23, 1955.

(2) that her application for voluntary departure be denied.

Appellant thereafter appealed to the Board of Immigration Appeals (herein Board) from the decision of the Special Inquiry Officer. In this notice she stated that she did not desire oral argument before the Board; that the only relief she requested was "voluntary departure." Reasons she assigned for appeal were "lack of adequate and correct knowledge of legal requirements," and that she "neither reads or write English, nor does she comprehend same."

On January 4, 1956, the Board dismissed appellant's appeal and later denied her motion for reconsideration. In its denial of a reconsideration, the Board adverted to the sworn statements of appellant made before the Immigration Service Officer on September 23, 1955 and her sworn statements at the formal hearing held on October 26, 1955. It rejected as without merit the argument that appellant had been deprived of her liberty, a contention based on her claim that *the evidence* did not reveal that notice to aliens of the requirement of registering had been publicly given in the Spanish language, either by a representative of the Government, or by a radio broadcaster through information supplied to radio stations for the benefit of Spanish-speaking aliens.

The Board also stated, in denying a rehearing, that appellant admittedly failed to submit the required notification of address during the years 1953, 1954 and 1955; that she had not established that the failure to furnish the notification of address was reasonably excusable or was not wilful; that on the contrary, in the presence of counsel, she admitted that one of the reasons for her failure to report her address was that she was not legally in the country and did not want to disclose her whereabouts; that another reason given by her for not reporting her address was that she had expected to return to Mexico but kept putting it off; that there was no claim made by her that her failure to register was due to the fact that she did not rely on the information furnished by her friends; that deportability under Section 241(a) (5) of the Act is amply supported by the record and no error is found in the conclusion of the Special Inquiry Officer that respondent is so deportable; that since she is deportable under Section 241(a) (5) (supra) "she is not eligible for voluntary departure (Matter of M-, 5 I&N Dec. 216)."

On the instant appeal, appellant does not argue that the Government did not give published notice of the requirement that aliens register. In her brief she frankly states *that notices in Spanish were posted and published.* Appellee points out in his brief that while there is no requirement whatever in the Act that the Department of Immigration and Naturalization print or notify aliens of the registration requirement pursuant to the Act, that Department, as a courtesy and an accommodation to aliens, "has published notices of this requirement in various foreign languages." On this phase of the case, appellant merely argues that "it was the duty of the trial court to take judicial notice that notices in Spanish were posted and published, which it did not do."

Appellant's arguments really boil down to contentions that the order of deportation is not supported by reasonable, substantial and probative evidence; that "principles of American honor and justice will not permit her to be denied discretionary relief when she testified that she had heard of the requirement from friends and radio, etc.," and that her failure to register as an alien was not wilful.

The final step in the administrative process was the order or warrant of deportation dated January 20, 1956. This warrant recited generally that appellant was subject to deportation under Section 241(a) (2), Section 241(a) (1) and Section 241(a) (5) of the Immigration and Nationality Act, and commanded officers of the Immigration and Naturalization Service to deport appellant.

The lower court found, inter alia, that appellant was found deportable under

said order under Sections 241(a) (1), (2) and (5), (8 U.S.C.A. § 1251(a) (1), (2) and (5)) on the grounds that plaintiff (appellant) was excludable at entry, having no immigration visa, entering without inspection and failing to furnish notice of change of address or register as an alien. The court concluded that the finding of the Immigration and Naturalization Service in this deportation proceeding that appellant failed to establish to the satisfaction of the Attorney General that her failure to register or furnish other information in compliance with the provisions of Section 265 of the Act (8 U.S.C.A. § 1305) was reasonably excusable or was not wilful, is not supported by reasonable, substantial and probative evidence. It further concluded that, as to what we regard as other pertinent claims of appellant, the findings thereon of the Immigration and Naturalization Service in the deportation proceeding were supported by reasonable, substantial and probative evidence. Its judgment went accordingly.

On the entire record the judgment of the lower court is adequately sustained and it should be and is affirmed.